IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL L. YARN**                                                                       **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:05cv638WHB-JCS**

**MARSHALL PACK and MISSISSIPPI HIGHWAY PATROL**       **DEFENDANTS**

<u>MEMORANDUM OPINION</u>

On October 25, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested <u>in forma pauperis</u> status. On December 7, 2005, an order was entered directing the plaintiff to file an amended complaint, within twenty days. The plaintiff was warned in this court's order of December 7, 2005, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff failed to comply with this order.

On February 1, 2006, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for failure to comply with this court's December 7, 2005 order. In addition, the plaintiff was directed to comply with the December 7, 2005 order by filing an amended complaint, within fifteen days. On February 22, 2006, the envelope containing the February 1, 2006 show cause order was returned by the postal service with the notation "return to sender". The plaintiff has failed to respond to two court orders and has failed to keep this court informed of his current address. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the

action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 30th day of March, 2006.

 s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE